Thomas H. Casey - Bar No. 138264
Kathleen J. McCarthy - Bar No. 132637
LAW OFFICE OF THOMAS H. CASEY, INC.
A PROFESSIONAL CORPORATION
22342 Avenida Empresa, Suite 200
Rancho Santa Margarita, CA  92688
Telephone:     (949) 766-8787
Facsimile:     (949) 766-9896
Email:         TomCasey@tomcaseylaw.com
Email:         KMcCarthy@tomcaseylaw.com

Attorney for R.L. Goodrich
Chapter 7 Bankruptcy Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA / RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>ARLAN RAY ANDERSON,<br>TAMMY ANDERSON,<br><br>           Debtors. | Case No. 6:06-bk-13972-MJ<br><br>**CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER:**<br><br>**(1) AUTHORIZING THE SALE OF THE NEW YORK LIFE STRUCTURED SETTLEMENT;**<br>**(2) APPROVING OVERBID PROCEDURES; AND**<br>**(3) AUTHORIZING DISTRIBUTION OF SALE PROCEEDS;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF CHAPTER 7 TRUSTEE R.L. GOODRICH, CPA DONALD T. FIFE, AND PROPOSED BUYER GREGORY S. ABRAMS IN SUPPORT THEREOF**<br><br>Date:  May 19, 2015<br>Time: 10:00 a.m.<br>Ctrm: 301 |

i

# TABLE OF CONTENTS

Summary ..................................................................................................................1

Background Information ...........................................................................................1

The NY Life Structured Settlement ........................................................................2

      The Court Approved Agreement Between the Trustee and Debtor Re Distribution
      Of NY Life Structured Settlement Payments...................................................3

The Proposed Sale Should Be Approved ................................................................3

The Offer is for Fair Market Value .........................................................................5

Over Bid Procedures ...............................................................................................5

Benefit to the Estate ................................................................................................7

Tax Consequences of Sale .......................................................................................7

Proposed Distribution of Sale Proceeds..................................................................7

Determination of Good Faith Purchaser .................................................................7

Waiver of the Stay is Appropriate ..........................................................................8

Memorandum of Points and Authorities................................................................10

I.    The Court May Authorize the Sale of Property When There is a Good Faith
      Purchaser...................................................................................................10
          1.  A Sound Business Purpose Justifies the Sale ....................................10
          2.  Accurate and Reasonable Notice of the Sale Will be Provided........10
          3.  The Purchase Price is Fair and Reasonable .....................................10
          4.  The Sale is in Good Faith.................................................................11
          5.  The Sale is in the Best Interests of the Estate ..................................11

II.   Conclusion ................................................................................................12

Declaration of R.L. Goodrich .................................................................................13

Declaration of Donald T. Fife................................................................................20

Declaration of Proposed Buyer, Gregory S. Abrams...........................................22

# TABLE OF AUTHORITIES

<u>Cases</u>                                                                                                    <u>Page</u>

*In re Industrial Valley Refrig. & Air Cond. Supplies Inc.,*
77 B.R. 15, 17, 21 (Bankr. E.D. Pa. 1987) ...............................................................10, 11

<u>Statutory Authority</u>

11 U.S.C. §101(31) ...................................................................................8, 19, 22

11 U.S.C. §363.............................................................................................8

11 U.S.C. §363(b)(1) .....................................................................................10

11 U.S.C. §363(b) .........................................................................................11

11 U.S.C. §363(m)...................................................................................7, 8, 18

<u>Other Authorities</u>

Federal Rule of Bankruptcy Procedure 6004(h) ......................................................8, 9, 19

**TO THE HONORABLE MEREDITH A. JURY, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF UNITED STATES TRUSTEE; AND ALL INTERESTED PARTIES:**

R.L. Goodrich, Chapter 7 Trustee ("Trustee") for the bankruptcy estate of Arlan Ray Anderson and Tammy Anderson ("Debtors"), respectfully moves this Court for an Order (1) authorizing the Trustee to sell an asset of the estate in the form of a structured settlement with New York Life Insurance to Gregory S. Abrams, or assignee; (2) approving overbid procedures; and (3) authorizing the distribution of sale proceeds. In support thereof, the Trustee submits the following:

**SUMMARY**

Subject to Court approval, the Trustee has accepted an offer from Gregory S. Abrams, or assignee ("Proposed Buyer") to purchase the estate's interest in a structured settlement with New York Life Insurance for the amount of $26,319.89, subject to overbid. The evidence indicates the proposed sale of the structured settlement is for fair market value. The Trustee requests an order approving a sale of the structured settlement to the Proposed Buyer as a good faith purchaser. As discussed more fully below, the Trustee requests further authority to distribute the sale proceeds pursuant to a prior Court approved agreement between the Trustee and the Debtor. This Motion is in the best interests of the estate and should be approved.

**BACKGROUND INFORMATION**

1.       On December 22, 2006, Arlan Ray Anderson ("Debtor") filed a voluntary petition seeking relief pursuant to Chapter 13 of the United States Bankruptcy Code.

2.      On July 1, 2008, an Order converting the case to one under Chapter 7 was entered by the U.S. Bankruptcy Court, at which time, R.L. Goodrich was appointed as Chapter 7 Trustee to administer the assets of the bankruptcy estate.

3.      Having determined that no assets existed for the benefit of the estate, the Trustee filed a Report of No Asset on September 15, 2008 and the case was closed on January 13, 2010.

4.      After the case was closed, the Trustee discovered that Debtor Arlan was the beneficiary of a wrongful death suit involving his mother and the Debtors were receiving periodic payments from New York Life Insurance ("NY Life") relating to a structured settlement.

5.      The Debtors failed to list the structured settlement with NY Life in their bankruptcy schedules and failed to disclose this asset to the Trustee at their 341(a) examination.

6.      Based on this information, the case was reopened by Order entered January 5, 2011 and R.L. Goodrich was re-appointed as Chapter 7 Trustee.

## NY LIFE STRUCTURED SETTLEMENT

7.      According to the terms of the structured settlement with NY Life, the Debtor was receiving monthly payments in the amount of $525.73 beginning May 3, 2007, which were to continue through and including April 3, 2022 ("NY Life Structured Settlement").

8.      After written demand from the Trustee, NY Life ceased making monthly payments to the Debtors on or about June 8, 2012 pending the approval of an agreement between the Trustee and Debtors as to the distribution of the monthly payments.

///

///

///

### Court Approved Agreement Between Trustee and Debtor Re Distribution of NY Life Structured Settlement Payments

9.      At the time the Trustee learned of the NY Life Structured Settlement, the Trustee also learned that Debtor Tammy had recently passed away from cancer.  Debtor Arlan is elderly and relies heavily on the annuity income for his daily needs.

10.      In light of this, the Trustee and Debtor Arlan entered into a settlement agreement ("Settlement Agreement") whereby, among other things, NY Life was to turn over to the estate the funds it had been holding since payments ceased in June, 2012 and through November, 2012, which was approximately $2,628.65.  Pursuant to the terms of the Settlement Agreement, commencing on November 25, 2012, NY Life was to pay the full monthly payment of $525.73 to the Trustee, who would retain eighty percent (80%) for the benefit of the estate and immediately distribute the remaining twenty percent (20%) to the Debtor.  The Settlement Agreement further provided that the Debtor consented to a future sale of the NY Life Structured Settlement and in the event of such a sale, the sale proceeds received would be split 80/20, with the bankruptcy estate receiving eighty percent (80%) of the sale proceeds and the Debtor receiving the remaining twenty percent (20%).

11.      An Order approving the Settlement Agreement between the Trustee and the Debtor was entered by the Court on November 29, 2012. The November 29, 2012 Order and Settlement Agreement are attached hereto as collective **Exhibit "1"** and incorporated herein by this reference.

### THE PROPOSED SALE SHOULD BE APPROVED.

12.      Subject to Court approval, the Trustee has accepted an offer from Proposed Buyer, Gregory S. Abrams or assignee, to purchase the NY Life Structured Settlement ("Offer") for the amount of $26,319.89 ("Offer"), subject to overbid.  An executed copy of the Sale

Agreement with the Proposed Buyer is attached hereto as **Exhibit "2"** and incorporated herein by this reference.  The Proposed Buyer has deposited $5,000.00 with the Trustee.

    13.    The Offer for the purchase of the NY Life Structured Settlement provides in pertinent part as follows:

    a.  The Trustee will move the Bankruptcy Court for approval of this Agreement.

    b.  This Agreement shall become final upon entry of an order of the United States Bankruptcy Court authorizing the Trustee to enter into it and approving the terms set forth herein.

    c.  Absent entry of a final order of the United States Bankruptcy Court approving this Agreement, this Agreement shall be null and void.

    d.  The Buyer will be entitled to a dollar for dollar credit against the amount of the Initial Offer for additional payments received by the Trustee under the NY Life Structured Settlement after the date of August 7, 2014.

    e.  Upon execution of this Agreement, the Buyer hereby agrees to remit a down payment of $5,000.00 with the balance of the Offer due by the 11th day following the entry of the Order approving this Agreement.

    f.  Buyer understands and accepts that the Offer is contingent upon Chapter 7 Bankruptcy Trustee approval, Bankruptcy Court confirmation and overbid procedures.

    g.  Should Buyer fail to become the successful buyer of the NY Life Structured Settlement at any Bankruptcy Court hearing, a break-up fee of $2,000.00 shall be payable to the Buyer in the event that the NY Life Structured Settlement is sold to an overbidder.

4

h. In the event that there is a successful overbidder who is not the proposed Buyer, or if the Bankruptcy Court fails to approve a sale of the NY Life Structured Settlement, the bankruptcy estate will promptly refund the $5,000 remitted to the estate by the Buyer.

i. Should any dispute arise regarding this Agreement, the United States Bankruptcy Court for the Central District of California, Riverside Division shall have jurisdiction to determine the dispute.

14.    In the Trustee's judgment, and as discussed further below, the sale of the NY Life Structured Settlement should be approved.

## THE OFFER IS FOR FAIR MARKET VALUE

15.    Fair market value for the NY Life Structured Settlement is being realized. *See* Declaration of Donald T. Fife attached.

16.    The Trustee placed a notice of sale of the NY Life Structured Settlement on the NABT website well in advance of the hearing on the instant Motion.

## OVERBID PROCEDURES

17.    In order to obtain the highest and best offer for the benefit of the creditors of the estate, the Trustee proposes that the foregoing Offer be subject to overbid.  Notice is being provided of the opportunity for overbidding to all interested parties in this matter.

18.    The Trustee requests that the Court approve the following overbid procedure:

a.    Only Qualified Bidders may submit an overbid.  A "Qualified Bidder" is one who provides a financial statement and such business and banking references as are required in Trustee's reasonable discretion, sufficient to assure Trustee of the bidder's ability (based on availability of financing, experience or other conditions) to consummate the purchase of the NY

5

Life Structured Settlement, AND one who can consummate the purchase of the NY Life Structured Settlement on the same terms and conditions, other than price, as those proposed in the Offer.

   b.    Each bid must be <u>received</u> by the Trustee and the Trustee's counsel no later than <u>three (3) business days</u> prior to the hearing on the Motion.

   c.    The initial overbid must exceed the purchase price by a minimum of Three Thousand U.S. Dollars ($3,000.00).  For instance, the first bid must be at least Twenty Nine Thousand Three Hundred Nineteen Dollars and 89/100 U.S. dollars ($29,319.89).  Each subsequent bid must then be in increments of Five Hundred U.S. dollars ($500.00).  For instance, the first subsequent bid must be at least Twenty Nine Thousand Eight Hundred Nineteen Dollars and 89/100 U.S. dollars ($29,819.89).

   d.    Each bid must be all cash, non-contingent, and on the same terms and conditions, other than price, as those proposed in the Offer.

   e.    Each bidder must match all terms and conditions of the original bid.  Thus, a down payment of $5,000.00 must be made.  Said payment must be received by the Trustee by no later than <u>three (3) business days</u> prior to the hearing on this Motion.  Said payment must be in <u>cash, cashier's check, certified check or irrevocable letter of credit</u>, and must be deposited with the Trustee so that the Trustee will have access to said funds no later than <u>three (3) business days</u> prior to the hearing on the Motion.

   f.    In the event that the NY Life Structured Settlement is sold to an overbidder and Buyer fails to become the successful buyer of the NY Life Structured Settlement, a breakup fee of $2,000.00 shall be payable in immediately available cash funds to Buyer.

g.      The Trustee reserves the right to modify or waive any of the above

overbid requirements in his sole discretion.

19.     The foregoing procedures will provide for an orderly completion of the sale of the

NY Life Structured Settlement by permitting all bidders to compete on similar terms, and will

allow interested parties and the Court to compare competing bids in order to realize the highest

benefit for the estate.

## BENEFIT TO THE ESTATE

20.     A sale of the NY Life Structured Settlement would benefit the estate in the

amount of at least $26,319.89.

## TAX CONSEQUENCES OF SALE.

21.     The Trustee's Accountant, Donald T. Fife, has determined that the sale of the NY

Structured Settlement will not result in any tax liability for the estate. *See* Declaration of Donald

T. Fife attached.

## PROPOSED DISTRIBUTION OF SALE PROCEEDS

22.     The Trustee seeks authority for the distribution of sale proceeds as follows:

a.   To the bankruptcy estate, eighty percent (80%) of the sale proceeds estimated

to be $21,055.91; and

b.   To Debtor Arlan Anderson, twenty percent (20%) of the sale proceeds

estimated to be $5,263.98.

## DETERMINATION OF GOOD FAITH PURCHASER

23.     The Trustee further seeks an Order determining that the Proposed Buyer is a

"good faith purchaser" within the context of 11 U.S.C. Section 363(m), such that any appeal of

the Order granting this Motion, even if successful, will not affect the validity of the sale unless a stay pending appeal is obtained.

24.    The Proposed Buyer, Gregory S. Abrams, participated in the negotiation of the Sale Agreement.  The Proposed Buyer is not an "insider" as that term is defined in 11 U.S.C. Section 101(31), in that it is not a relative or general partner of the Debtors, nor are the Debtors its partners, directors, officers, or persons in control of it.

25.    There is no relationship between the Trustee and the Proposed Buyer, and the Proposed Buyer is not an insider of the Debtors.  Thus, the proposed sale is an arms-length transaction and is in good faith.

## WAIVER OF THE STAY IS APPROPRIATE

26.    The waiver of the stay imposed by Rule 6004(h) is appropriate.  Time is of the essence on the Sale Agreement and a waiver of the stay is a condition of the proposed sale. Accordingly, the Trustee requests that the Court waive the stay imposed by Rule 6004(h).

**WHEREFORE,** the Trustee requests that the Court enter an Order:

a.    Authorizing the sale of the NY Life Structured Settlement to the Proposed Buyer pursuant to 11 U.S.C. §363;

b.    Authorizing the Trustee to pay from the sale proceeds twenty percent (20%) of the sale proceeds to the Debtor, Arlan Ray Anderson, less any credits due to Proposed Buyer;

c.    Authorizing the Trustee to pay from the sale proceeds eighty percent (80%) of the sale proceeds to the bankruptcy estate, less any credits due to Proposed Buyer;

d.    Approving the overbid procedures;

e.    Determining that the Proposed Buyer is a "good faith purchaser" under 11 U.S.C. Section 363(m) and that the purchase of the NY Life Structured Settlement by the Proposed

Buyer is in good faith, fair, reasonable and in the best interests of creditors and the Debtors'

estate;

      f.      Waiving the 14-day stay imposed by Federal Rule of Bankruptcy Procedure

6004(h);

      g.      Authorizing the Trustee to sign any and all documents necessary, and to

undertake any non-material amendments and modifications necessary, to complete the sale to the

highest qualified bidder without further notice, hearing or Court order; and

      h.      For such other and further orders as the Court deems just and proper.

                     Respectfully submitted,

                     LAW OFFICE OF THOMAS H. CASEY, INC.,
                     A Professional Corporation

Dated: April 23, 2015      By:                                 
                     Thomas H. Casey, Attorney for R.L. Goodrich,
                     Chapter 7 Trustee for the bankruptcy estate of Arlan
                     Ray Anderson and Tammy Anderson

# MEMORANDUM OF POINTS AND AUTHORITIES
## I.
## THE COURT MAY AUTHORIZE THE SALE OF PROPERTY
## WHEN THERE IS A GOOD FAITH PURCHASER

11 U.S. C. Section 363(b)(1) provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." The sale proposed is outside the ordinary course of business in that it is the sale of a significant asset of the estate. A trustee must show that: (1) a "sound business purpose justified the sale"; (2) "accurate and reasonable notice" of the sale was provided; (3) the "price to be paid is adequate, i.e., fair and reasonable"; (4) "good faith, i.e., the absence of any lucrative deals with insiders, is present." *See In re Industrial Valley Refrig. & Air Cond. Supplies Inc.,* 77 B.R. 15, 21 (Bankr. E.D. Pa. 1987). As discussed below, the proposed sale conforms with each of these requirements:

### 1.    A Sound Business Purpose Justifies the Sale

There is a sound business purpose, in that this is a Chapter 7 liquidation case and the sale of the NY Life Structured Settlement will allow liquidation of an estate asset for the benefit of the estate and its creditors.

### 2.    Accurate and Reasonable Notice of the Sale Will Be Provided

Notice of the Sale and of the hearing is being provided to all creditors of the Estate, all other parties requesting special notice, and all entities required to be given notice under Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules.

### 3.    The Purchase Price is Fair and Reasonable

The sale price is fair market value, see attached Declaration of Donald T. Fife. The purchase price was negotiated at arm's length. The Trustee is unaware of any other higher or

better purchase offers. This offer will provide payment of administrative claims and payment to filed creditor claims. The Trustee believes that, under the circumstances, the proposed sale represents the best purchase price that can be expected by the estate.

### 4.    The Sale is in Good Faith

The good faith requirements under Section 363(b) "focuses principally on the element of special treatment of the debtor's insiders in the sale transaction." *In re Indus. Valley Refrig. & Air Cond. Supplies,* 77 B.R. 15, 17 (Bankr. E.D. Pa. 1987). This sale is a negotiated arm's length transaction entered into with a third party who, to the Trustee's knowledge, has no relation to the Debtors or any creditors. Thus, the sale is in good faith.

### 5.    The Sale is in the Best Interests of the Estate

In view of the compelling business reasons for the proposed transaction - generating funds to pay a substantial portion of filed creditor claims - the proposed sale is in the best interests of the Estate and should be approved.

///

///

///

## II.

## CONCLUSION

The sale to Gregory S. Abrams should be approved for payment to the Estate of $26,319.89. This sale is in the best interests for the Estate as it causes administrative fees/costs to be paid and will result in a distribution to creditors.  Thus, the Trustee requests that the Motion be granted.

Respectfully submitted,

DATED: April 23, 2015

LAW OFFICE OF THOMAS H. CASEY, INC.,
A PROFESSIONAL CORPORATION

By:  _____

Thomas H. Casey, Attorney for R.L. Goodrich,
Chapter 7 Trustee for the bankruptcy estate of Arlan
Ray Anderson and Tammy Kay Anderson

## DECLARATION OF R.L. GOODRICH

I, R.L. Goodrich, declare as follows:

1.      I am the duly appointed, qualified and acting Chapter 7 Trustee for the bankruptcy estate of *In re Arlan Ray Anderson and Tammy Anderson*.  The facts contained herein are based upon information which I have acquired in my capacity as Trustee and upon my review of the pleadings, records and files in this matter, and are true and correct to the best of my knowledge, information and belief.

2.      I make this Declaration in support of the Motion for Order (1) Authorizing a Sale of the New York Life Structured Settlement; (2) Approving Overbid Procedures; and (3) Authorizing Distribution of Sale Proceeds.

3.      On December 22, 2006, Arlan Ray Anderson ("Debtor") filed a voluntary petition seeking relief pursuant to Chapter 13 of the United States Bankruptcy Code.

4.      On July 1, 2008, an Order converting the case to one under Chapter 7 was entered by the U.S. Bankruptcy Court, at which time, I was appointed as Chapter 7 Trustee to administer the assets of the bankruptcy estate.

5.      Having determined that no assets existed for the benefit of the estate, I filed a Report of No Asset on September 15, 2008 and the case was closed on January 13, 2010.

6.      After the case was closed, I discovered that Debtor Arlan was the beneficiary of a wrongful death suit involving his mother and the Debtors were receiving periodic payments from New York Life Insurance ("NY Life") relating to a structured settlement.

7.      The Debtors failed to list the structured settlement with NY Life in their bankruptcy schedules and failed to disclose this asset to me at their 341(a) examination.

13

8.    Based on this information, the case was reopened by Order entered January 5, 2011 and I was re-appointed as Chapter 7 Trustee.

9.    According to the terms of the structured settlement with NY Life, the Debtor was receiving monthly payments in the amount of $525.73 beginning May 3, 2007, which were to continue through and including April 3, 2022 ("NY Life Structured Settlement").

10.    After my written demand, NY Life ceased making monthly payments to the Debtors on or about June 8, 2012 pending the approval of an agreement between myself and the Debtors as to the distribution of the monthly payments.

11.    At the time I learned of the NY Life Structured Settlement, I also learned that Debtor Tammy had recently passed away from cancer.  Debtor Arlan is elderly and relies heavily on the annuity income for his daily needs.

12.    In light of this, Debtor Arlan and I entered into a settlement agreement ("Settlement Agreement") whereby, among other things, NY Life was to turn over to the estate the funds it had been holding since payments ceased in June, 2012 and through November, 2012, which was approximately $2,628.65.  Pursuant to the terms of the Settlement Agreement, commencing on November 25, 2012, NY Life was to pay the full monthly payment of $525.73 to me, which I would retain eighty percent (80%) for the benefit of the estate and immediately distribute the remaining twenty percent (20%) to the Debtor.  The Settlement Agreement further provided that the Debtor consented to a future sale of the NY Life Structured Settlement and in the event of such a sale, the sale proceeds received would be split 80/20, with the bankruptcy estate receiving eighty percent (80%) of the sale proceeds and the Debtor receiving the remaining twenty percent (20%).

13.    An Order approving the Settlement Agreement between myself and the Debtor

was entered by the Court on November 29, 2012. The November 29, 2012 Order and Settlement

Agreement are attached hereto as collective **Exhibit "1"** and incorporated herein by this

reference.

14.    Subject to Court approval, I have accepted an offer from Proposed Buyer,

Gregory S. Abrams or assignee, to purchase the NY Life Structured Settlement ("Offer") for the

amount of $26,319.89 ("Offer"), subject to overbid.  An executed copy of the Sale Agreement

with the Proposed Buyer is attached hereto as **Exhibit "2"** and incorporated herein by this

reference.   The Proposed Buyer has deposited $5,000.00 with me.

15.    The Offer for the purchase of the NY Life Structured Settlement provides in

pertinent part as follows:

      a.   I will move the Bankruptcy Court for approval of this Agreement.

      b.   This Agreement shall become final upon entry of an order of the United States

          Bankruptcy Court authorizing me to enter into it and approving the terms set

          forth herein.

      c.   Absent entry of a final order of the United States Bankruptcy Court approving

          this Agreement, this Agreement shall be null and void.

      d.   The Buyer will be entitled to a dollar for dollar credit against the amount of

          the Initial Offer for additional payments received by the Trustee under the NY

          Life Structured Settlement after the date of August 7, 2014.

      e.   Upon execution of this Agreement, the Buyer hereby agrees to remit a down

          payment of $5,000.00 with the balance of the Offer due by the 11th day

          following the entry of the Order approving this Agreement.

  f. Buyer understands and accepts that the Offer is contingent upon my approval, Bankruptcy Court confirmation and overbid procedures.

  g. Should Buyer fail to become the successful buyer of the NY Life Structured Settlement at any Bankruptcy Court hearing, a break-up fee of $2,000.00 shall be payable to the Buyer in the event that the NY Life Structured Settlement is sold to an overbidder.

  h. In the event that there is a successful overbidder who is not the proposed Buyer, or if the Bankruptcy Court fails to approve a sale of the NY Life Structured Settlement, the bankruptcy estate will promptly refund the $5,000 remitted to the estate by the Buyer.

  i. Should any dispute arise regarding this Agreement, the United States Bankruptcy Court for the Central District of California, Riverside Division shall have jurisdiction to determine the dispute.

16. In my business judgment, and as discussed further below, the sale of the NY Life Structured Settlement should be approved.

17. Fair market value for the NY Life Structured Settlement is being realized. *See* Declaration of Donald T. Fife attached.

18. I placed a notice of sale of the NY Life Structured Settlement on the NABT website well in advance of the hearing on the instant Motion.

19. In order to obtain the highest and best offer for the benefit of the creditors of the estate, I am proposing that the foregoing Offer be subject to overbid. Notice is being provided of the opportunity for overbidding to all interested parties in this matter.

20. I am requesting that the Court approve the following overbid procedure:

       a.      Only Qualified Bidders may submit an overbid.  A "Qualified Bidder" is one who provides a financial statement and such business and banking references as are required my reasonable discretion, sufficient to assure me of the bidder's ability (based on availability of financing, experience or other conditions) to consummate the purchase of the NY Life Structured Settlement, AND one who can consummate the purchase of the NY Life Structured Settlement on the same terms and conditions, other than price, as those proposed in the Offer.

       b.      Each bid must be <u>received</u> by me and my counsel no later than <u>three (3) business days</u> prior to the hearing on the Motion.

       c.      The initial overbid must exceed the purchase price by a minimum of Three Thousand U.S. Dollars ($3,000.00).  For instance, the first bid must be at least Twenty Nine Thousand Three Hundred Nineteen Dollars and 89/100 U.S. dollars ($29,319.89).  Each subsequent bid must then be in increments of Five Hundred U.S. dollars ($500.00).  For instance, the first subsequent bid must be at least Twenty Nine Thousand Eight Hundred Nineteen Dollars and 89/100 U.S. dollars ($29,819.89).

       d.      Each bid must be all cash, non-contingent, and on the same terms and conditions, other than price, as those proposed in the Offer.

       e.      Each bidder must match all terms and conditions of the original bid.  Thus, a down payment of $5,000.00 must be made.  Said payment must be received by me by no later than <u>three (3) business days</u> prior to the hearing on this Motion.  Said payment must be in <u>cash, cashier's check, certified check or irrevocable letter of credit</u>, and must be deposited with me so that I will have access to said funds no later than <u>three (3) business days</u> prior to the hearing on the Motion.

      f.      In the event that the NY Life Structured Settlement is sold to an overbidder and Buyer fails to become the successful buyer of the NY Life Structured Settlement, a breakup fee of $2,000.00 shall be payable in immediately available cash funds to Buyer.

      g.      I reserve the right to modify or waive any of the above overbid requirements in my sole discretion.

21.      The foregoing procedures will provide for an orderly completion of the sale of the NY Life Structured Settlement by permitting all bidders to compete on similar terms, and will allow interested parties and the Court to compare competing bids in order to realize the highest benefit for the estate.

22.      A sale of the NY Life Structured Settlement would benefit the estate in the amount of at least $26,319.89.

23.      My accountant, Donald T. Fife, has determined that the sale of the NY Structured Settlement will not result in any tax liability for the estate. *See* Declaration of Donald T. Fife attached.

24.      I am seeking authority for the distribution of sale proceeds as follows:

      c.    To the bankruptcy estate, eighty percent (80%) of the sale proceeds estimated to be $21,055.91; and

      d.    To Debtor Arlan Anderson, twenty percent (20%) of the sale proceeds estimated to be $5,263.98.

25.      I am further seeking an Order determining that the Proposed Buyer is a "good faith purchaser" within the context of 11 U.S.C. Section 363(m), such that any appeal of the Order granting this Motion, even if successful, will not affect the validity of the sale unless a stay pending appeal is obtained.

26.     The Proposed Buyer, Gregory S. Abrams, participated in the negotiation of the Sale Agreement. The Proposed Buyer is not an "insider" as that term is defined in 11 U.S.C. Section 101(31), in that it is not a relative or general partner of the Debtors, nor are the Debtors its partners, directors, officers, or persons in control of it.

27.     There is no relationship between myself and the Proposed Buyer, and the Proposed Buyer is not an insider of the Debtors. Thus, the proposed sale is an arms-length transaction and is in good faith.

28.     The waiver of the stay imposed by Rule 6004(h) is appropriate. Time is of the essence on the Sale Agreement and a waiver of the stay is a condition of the proposed sale. Accordingly, I am requesting that the Court waive the stay imposed by Rule 6004(h).

29.     Accordingly, the interests of the creditors would be well served if the Court approved the Sale Agreement.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed on April _15_, 2015, at _Grand Terrace_, California.

_R.L. Goodrich, Turtle_
R.L. Goodrich, Declarant

## DECLARATION OF DONALD T. FIFE, CPA

I, Donald T. Fife, declare as follows:

1.      I am the accountant for R.L. Goodrich ("Trustee") in his capacity as the duly appointed, qualified and acting Chapter 7 Trustee of the bankruptcy estate of *In re Arlan Ray Anderson and Tammy Anderson* ("Debtors"). The facts contained herein are based upon information which I have acquired in my capacity as accountant for the Trustee and are true and correct to the best of my knowledge, information and belief.

2.      I am a certified public accountant, duly licensed to practice in the State of California.

3.      The statements contained herein are made from personal knowledge unless otherwise stated upon information and belief, and as to such statements, I believe them to be true, and if called as a witness I could and would competently testify thereto and present expert opinions as set forth herein.

4.      Hahn Fife & Company was employed as the Trustee's Accountants on or about June 6, 2012.

5.      I make this declaration in support of the *Chapter 7 Trustee's Motion for an Order (1) Authorizing the Sale of the New York Life Structured Settlement; (2) Approving Overbid Procedures; and (3) Authorizing Distribution of Sale Proceeds* in the Bankruptcy Case of Arlan Anderson and Tammy Anderson (Case No. 6:06-bk-13972-MJ).

6.      The Trustee has accepted as his initial bid $26,319.89 for the future monthly payments of $525.73 through the April 2022. Although the discount rate associated with this sale approximates 16%, it is my experience that investors/buyers are not only very hesitant to purchase assets from bankruptcy estates, but they are additionally averse to being the "stalking

20

horse bidder" as many investors feel the time and energy involved in being the original bidder is not the worth the time and effort when other bidders can come in and make overbids. I am personally aware of many investors that will not participate as stalking horse bidders but are willing to participate in the subsequent auction. Based on these factors, it has been my experience that the original offer for this type of asset is largely discounted. I have also been informed that the Trustee has made substantial efforts in marketing the annuity.

7.     Overall, it is my opinion that the price offered for this annuity is reasonable.

8.     Additionally, there will be no income or capital gains implications from the sale of the annuity to the bankruptcy estate.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed on April __15__, 2015, at Pasadena, California.

_____
Donald T. Fife, Declarant

### DECLARATION OF GREGORY S. ABRAMS

I, Gregory S. Abrams, declare as follows:

1.      I am the Proposed Buyer of the NY Life Structured Settlement referred to in the foregoing Motion. I executed the Sale Agreement attached hereto as **Exhibit "2"**.

2.      I make this Declaration in support of the Trustee's Motion for an Order (1) Authorizing the Sale of the New York Life Structured Settlement; (2) Approving Overbid Procedures; and (3) Authorizing Distribution of Sale Proceeds ("Motion").

3.      I have participated in the negotiation of the Sale Agreement.  To the best of my knowledge, information and belief, I am not considered an "insider" as that term is defined in 11 U.S.C. §101(31), in that I am not a relative or general partner of the Debtors, nor are the Debtors our partners, directors, officers or personal in control of us.

4.      There is no relationship between the Trustee and myself, and I have no relationship with the Trustee's employees or agents, other than the negotiation of the purchase of the New York Life Structured Settlement.

5.      The Sale Agreement was an arms-length transaction negotiated in good faith between the parties.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed at Tarzana, California on this 2 2 of April, 2015.

Gregory S Abrams, Declarant

22

# Exhibit 1

Thomas H. Casey - Bar No. 138264
Kathleen M. Goldberg - Bar No. 132637
LAW OFFICE OF THOMAS H. CASEY, INC.
A PROFESSIONAL CORPORATION
22342 Avenida Empresa, Suite 200
Rancho Santa Margarita, CA  92688
Telephone:    (949) 766-8787
Facsimile:    (949) 766-9896
Email:    TomCasey@tomcaseylaw.com
           KGoldberg@tomcaseylaw.com

Attorneys for R.L. Goodrich
Chapter 7 Bankruptcy Trustee

```
┌─────────────────────────────────┐
│       FILED & ENTERED           │
│                                 │
│        NOV 29 2012              │
│                                 │
│  CLERK U.S. BANKRUPTCY COURT    │
│  Central District of California │
│  BY moser    DEPUTY CLERK       │
└─────────────────────────────────┘
```

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA / RIVERSIDE DIVISION

| | |
|---|---|
| In re | ) Case No.: 6:06-bk-13972-MJ |
| | ) |
| ANDERSON, ARLAN RAY, | ) Chapter 7 |
| ANDERSON, TAMMY, | ) |
| | ) **ORDER GRANTING CHAPTER 7** |
| | ) **TRUSTEE'S MOTION FOR ORDER** |
| | ) **APPROVING COMPROMISE OF** |
| Debtors. | ) **CONTROVERSY WITH DEBTOR** |
| | ) |
| | ) [No Hearing Required Pursuant to Local |
| | ) Bankruptcy Rule 9013-1(o)] |
| | ) |

R.L. Goodrich, Chapter 7 Trustee's Motion for Order Approving Compromise of

Controversy with Debtor ("Motion") was filed with the Clerk of the Court, and the Notice of

Chapter 7 Trustee's Motion for Order Approving Compromise of Controversy with Debtor (the

"Notice") was served on creditors and parties in interest on November 7, 2012.

The Court having considered the Motion, proper notice having been given and good

cause having been shown,

**IT IS HEREBY ORDERED** that the Trustee's Motion is granted.

**IT IS FURTHER ORDERED** that the compromise of controversy between the Trustee

and Debtor as proposed in the Settlement Agreement is approved.

**IT IS FURTHER ORDERED** that upon entry of this Order, New York Life shall pay to

the Trustee, the amount of $2,628.65 by check made payable to "Robert L. Goodrich, Chapter 7

Trustee for the Estate of Arlan and Tammy Anderson" and delivered to Thomas H. Casey, Law

1

EXHIBIT 1  PAGE 23

Office of Thomas H. Casey, Inc., 22342 Avenida Empresa, Suite 200, Rancho Santa Margarita, California, 92688.

  **IT IS FURTHER ORDERED** that commencing on November 25, 2012 and on the twenty-fifth of each month thereafter, New York Life will pay to the Trustee the full monthly payment of $525.73. The Trustee shall keep 80% of the fully monthly payment. Within ten days of receipt of the monthly payment from New York Life, the Trustee shall pay to Debtor Arlan Anderson 20% of the monthly payment or $105.15 by remitting $105.15 to Debtor Arlan Anderson by check made payable to "Arlan Anderson c/o Tyson M. Takeuchi" by delivering via U.S. Mail to Attn: Tyson M. Takeuchi, The Law Office of Tyson M. Takeuchi, 1100 Wilshire Boulevard, Suite 2606, Los Angeles, California, 90017.

  **IT IS FURTHER ORDERED** that the Trustee has the authority, and the Debtor consents, to a future sale of the NY Life Structured Settlement at the Trustee's own sole discretion, subject to Bankruptcy Court approval.

###

DATED: November 29, 2012

_____
United States Bankruptcy Judge

2

EXHIBIT 1  PAGE 24

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**22342 Avenida Empresa, Suite 200, Rancho Santa Margarita, CA 92688**

A true and correct copy of the foregoing document entitled (*specify*): **Order Granting Chapter 7 Trustee's Motion for Order Approving Compromise of Controversy With Debtor** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On (*date*) **November 27, 2012**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

United States Bankruptcy Court
Attn: Hon. Meredith Jury
3420 Twelfth Street, Suite 325
Riverside, CA 92501

☐Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 27, 2012 | Kathy Driggers | /s/Kathy Driggers |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

3

EXHIBIT 1  PAGE 25

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): **Order Granting Chapter 7 Trustee's Motion for Order Approving Compromise of Controversy With Debtor** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

**1.    SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** – Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of (*date*) **November 27, 2012**, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

- Alane A Becket 2    notices@becket-lee.com
- Thomas H Casey    lmiller@tomcaseylaw.com, msilva@tomcaseylaw.com
- Mark D Estle    mdestle@estlelaw.com
- Robert L Goodrich (TR)    office@rlgoodrichlaw.com, rgoodrich@ecf.epiqsystems.com
- Jennifer A Pursley    ecf@bass-associates.com
- Richard S Ralston    richardr@w-legal.com, advnotices@w-legal.com
- John M Sorich    generalmail@aswlawoffice.com, kbernal@alvaradoca.com
- Tyson Takeuchi    tyson@tysonfirm.com, armen@tysonfirm.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2.    SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

**Debtor**
Arlan Ray Anderson
935 N. 400 West
Cedar City, UT 84721

~~Tammy Kay Anderson~~
~~935 N. 400 West~~
~~Cedar City, UT 84721~~
Deceased

**3.    TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

Litton Loan Servicing LLP
c/o Brice Vander Linden & Wernick PC
P.O. Box 829009
Dallas, TX  75382-9009

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and between Robert L. Goodrich ("Trustee") in his capacity as Chapter 7 Trustee of the bankruptcy estate of Arlan Ray Anderson and Tammy Kay Anderson ("Debtors") on the one hand, and Debtor Arlan Ray Anderson ("Arlan Anderson"), on the other (together referred to as the "Parties").

WHEREAS, on December 22, 2006, Arlan Ray Anderson ("Debtor") filed a voluntary petition seeking relief pursuant to Chapter 13 of the United States Bankruptcy Code.

WHEREAS, on July 1, 2008, an Order converting the case to one under Chapter 7 was entered by the U.S. Bankruptcy Court, at which time, R.L. Goodrich was appointed as Chapter 7 to administer the assets of the bankruptcy estate.

WHEREAS, having determined that no assets existed for the benefit of the estate, the Trustee issued a Report of No Asset on September 15, 2008 and the case was closed on January 13, 2010.

WHEREAS, after the case was closed, the Trustee discovered that the Debtor was receiving periodic payments from New York Life Insurance relating to a structured settlement. Specifically, the Debtor was receiving from New York Life, monthly payments in the amount of $525.73 beginning May 3, 2007 and through and including April 3, 2022 ("NY Life Structured Settlement").

WHEREAS, the Trustee is informed, believes and therefore alleges the Debtors were receiving monthly payments of $525.73 per month since May 2007.

WHEREAS, the Trustee also learned that the Debtor attempted to sell the NY Life Structured Settlement to Peachtree Settlement Funding ("Peachtree").

1

EXHIBIT 1  PAGE 27

**WHEREAS,** based on this information, the Trustee sought to reopen the bankruptcy case. An Order reopening the case was entered by the Bankruptcy Court on January 5, 2011 and R.L. Goodrich was re-appointed as Chapter 7 Trustee.

**WHEREAS,** the Trustee has been informed that Debtor Tammy Kay Anderson recently died of cancer and that Debtor Arlan Anderson is elderly and relies heavily on the annuity income for his daily needs.

**WHEREAS,** after written demand by the Trustee, New York Life Insurance Company stopped making the monthly payments on or about June 8, 2012.

**WHEREAS,** the Trustee is informed, believes and therefore alleges that by the time the Court approves this Agreement, New York Life will be holding approximately $2,628.65.

**WHEREAS,** the Trustee has a potential Motion for Turnover against the Debtor to recover the payments made by NY Life Structured Settlement to the Debtor ("Potential Causes of Action").

**WHEREAS,** the Debtor has a potential amended exemption claim in the NY Life Structured Settlement ("Potential Amended Exemption Claim").

**WHEREAS,** the Trustee and Arlan Anderson desire to resolve the Trustee's Potential Causes of Action and the Debtor's Potential Amended Exemption Claim without the necessity for litigation.

**WHEREFORE** the Parties agree to the following settlement terms:

1.    The Trustee will move the Bankruptcy Court for approval of this Agreement.

2.    Upon entry of Order approving this Agreement, New York Life shall pay to the Trustee, the amount of $2,628.65, by check, made payable to "Robert L. Goodrich, Chapter 7

2

EXHIBIT 1  PAGE 28

Trustee for the Estate of Arlan and Tammy Anderson" by delivery to Attn: Thomas H. Casey,

The Law Office of Thomas H. Casey, Inc., 22342 Avenida Empresa, Suite 200, Rancho Santa

Margarita, CA 92688.

    3.    Commencing on November 25, 2012 and on the twenty-fifth of each month

thereafter, New York Life will pay to the Trustee the full monthly payment of $525.73. The

Trustee shall keep 80% of the full monthly payment. Within ten days of receipt of the monthly

payment from New York Life, the Trustee shall pay to Debtor Arlan Anderson 20% of the

monthly payment or $105.15 by remitting $105.15 to Debtor Arlan Anderson by check made

payable to "Arlan Anderson c/o Tyson M. Takeuchi" by delivering via U.S. Mail to Attn: Tyson

M. Takeuchi, The Law Office of Tyson M. Takeuchi, 1100 Wilshire Boulevard, Suite 2606, Los

Angeles, CA 90017.

    4.    The Debtor consents to a future sale by the Trustee of the NY Life Structured

Settlement at the Trustee's sole discretion and pursuant to Bankruptcy Court approval. In the

event the Trustee sells the NY Life Structured Settlement, the sale proceeds received would be

split 80/20, with the bankruptcy estate receiving 80% and the Debtor receiving 20%.

    5.    Except as otherwise provided, the Trustee hereby releases any and all claims

against the Debtor and the Debtor hereby releases any and all claims, including any and all

exemption claims to the proceeds received by the bankruptcy estate pursuant to this Settlement

Agreement and any and all claims against the bankruptcy estate, the Trustee and his attorneys,

agents and representatives.

    6.    The Parties, each individually and combined, further agree to be bound by the

following terms and conditions:

3

EXHIBIT 1  PAGE 29

A.    Recital of Facts.  Each and every recital of fact set forth above is incorporated herein by this reference as though fully set forth.  These recitals are an integral part of this Agreement and are hereby agreed to by the Parties to be true for purposes of this Agreement.

B.    Authority to Execute Agreement.  All Parties covenant and warrant they have full rights and authority to execute this Agreement and bind such entity to the terms and conditions set forth herein.

C.    Mutual Releases.  Except as stated above, upon complete execution of this Agreement, the Parties hereto hereby fully and irrevocably release, discharge and acquit each other, and their respective officers, directors, partners, members, parents, subsidiaries, affiliated companies, employees, agents, servants, heirs, administrators, personal representatives, insurers, attorneys, representatives, successors and assigns (collectively, "Representatives") of and from and against any and all rights, claims, debts, demands, acts, agreements, liabilities, obligations, damages, costs, fees (including without limitation, those of attorneys fees paid or not already paid to date), expenses, actions and/or causes of action of every nature, character, type and description, whether known or unknown, suspected or unsuspected, which the parties hereto, or either of them, now own or hold, have at any time heretofore owned or held, or may at any time hereafter own or hold, against each other arising from any act, omission or other event occurring on or before the full execution of this Agreement, including all claims that were or could have been asserted.

D.    Waiver of Civil Code Section 1542.  The Parties expressly waive and relinquish any and all rights under California Civil Code §1542, which provides as follows:

"A general release does not extend to claims which the creditor

4

EXHIBIT 1  PAGE 30

does not know or suspect to exist in his favor at the time of

executing the release, which if known by him must have materially

affected his settlement with the debtor."

The releases herein given shall be in and remain in effect as full and complete release of

such matters as are within the scope of the releases, notwithstanding the discovery of the

existence of any additional claims or facts relating thereto.

E.    Trustee Capacity. Robert L. Goodrich is signing this Agreement in his capacity

solely as the Chapter 7 Trustee of the bankruptcy estate of Arlan Ray Anderson and Tammy Kay

Anderson. Nothing contained herein shall in any way impute liability to Robert L. Goodrich

personally or anyone acting on his behalf, including but not limited to his counsel, the Law

Office of Thomas H. Casey, Inc.

F.    Consultation with Counsel.  The Parties hereto acknowledge and represent that

they have been given adequate opportunity to have consulted with legal counsel before entering

into this settlement and executing this Agreement.

G.    Reliance. The Parties, and each of them, understand the meaning of this

Agreement and expressly consent that this Agreement shall be given full force and effect

according to each and all of its express terms and provisions. The Parties acknowledge that they

have relied solely upon their own judgment, belief and knowledge of the existence, nature and

extent of each claim, demand, or cause of action that each party may have against the other, and

that each such Party has not been influenced to any extent in entering into this Agreement by any

representation or statement regarding any such claim, demand or cause of action made by any

other Party hereto. The Parties hereto have made such investigation of the facts pertaining to the

5

EXHIBIT 1  PAGE 31

releases contained herein as they deem necessary. The terms of this Agreement are contractual and are the result of negotiation among the Parties; in interpreting this Agreement, no rule of construction shall be applied whereby an ambiguity is construed against the Party who drafted the Agreement. This Agreement has been carefully read by each of the Parties and the contents thereof are known and understood by each of the Parties. This Agreement is signed freely by each Party executing it.

H.    Execution of Additional Documents. The Parties agree that they will execute any and all additional documents and take all additional steps which may be necessary or convenient to consummate this settlement and accomplish the purposes thereof.

I.    Covenant Re: Assignment. The Parties hereto represent and warrant to each other that each is the sole and lawful owner of all right, title and interest in and to every claim and other matter which each purports to release herein, and that they have not heretofore assigned or transferred, or purported to assign or transfer, to any person, firm, association, corporation or other entity, any right, title or interest in any such claim or other matter, and that they have not instituted any proceedings against any party released herein. In the event that such representation is false, and any such claim or matter is asserted against any Party hereto (and/or the successor of such party) by any party or entity who is the assignee or transferee of such claim or matter, then the party hereto who assigned or transferred such claim or matter shall fully indemnify, protect, defend and hold harmless the party against whom such claim or matter is asserted (and its "Representatives") from and against such claim or matter and from all actual costs, attorneys' fees, expenses, liabilities and damages which that party and/or its Representatives incurs as a result of the assertion of such claim or matter.

6

EXHIBIT 1  PAGE 32

J.    <u>Survival of Warranties.</u>  The representations and warranties contained in this Agreement are deemed to and do survive the execution hereof.

K.    <u>Modifications.</u>  This Agreement may not be amended, canceled, revoked or otherwise modified except by written agreement subscribed by all the Parties to be charged with such modification.

L.    <u>Binding.</u>  This Agreement shall be binding on the Parties hereto when each such Party has executed at least one counterpart, subject only to the approval of the United States Bankruptcy Court.

M.    <u>Appropriate Notice.</u>  Trustee shall cause appropriate notice of this Agreement to be given to the parties entitled to such notice under the United States Bankruptcy Code and Rules and pursuant to any applicable Bankruptcy Court Order.

N.    <u>Final Order.</u>  This Agreement shall become final upon entry of an order of the United States Bankruptcy Court authorizing the Trustee to enter into it and approving the terms set forth herein.  Absent entry of a final order of the United States Bankruptcy Court approving this Agreement, this Agreement shall be null and void.

O.    <u>Agreement Binding on Successors.</u>  This Agreement shall be binding upon, and shall inure to the benefit of, the Parties hereto and their respective Representatives or Successors.

P.    <u>No Admission of Liability.</u>  The Parties hereto acknowledge that this Agreement represents a settlement of disputed claims, and that by entering into this Agreement no Party admits or acknowledges the existence of any liability or wrongdoing.  In fact, each of the Parties to this Agreement specifically denies any wrongdoing and liability.  Nothing in this Agreement shall be construed or asserted as an admission of any fact or liability against any Party for any

7

EXHIBIT 1  PAGE 33

purpose.

Q.    Attorneys' Fees and Costs.  In the event that any action, suit or other proceeding is hereafter instituted to remedy, prevent or obtain relief from a breach of this Agreement, arising out of a breach of this Agreement, involving claims within the scope of the releases contained in this Agreement, or pertaining to a declaration of rights under this Agreement, the prevailing party shall recover all of such Party's reasonable attorneys' fees and costs incurred in each and every such action, suit or other proceedings, including any and all appeals, writs or petitions therefrom.

R.    Jurisdiction of the Bankruptcy Court.  Should any dispute regarding this Agreement, the United States Bankruptcy Court for the Central District of California, Riverside Division shall have the exclusive jurisdiction to determine the same.

S.    Severability.  In the event any provision of this Agreement shall be held to be void, voidable, or unenforceable, the remaining provisions shall remain in full force and effect.

T.    Governing Law.  Notwithstanding anything to the contrary in any prior agreement or contract, this Agreement and all prior contracts or agreements between the Parties or any separate entity or entities of a Party on the one side and any separate entity or entities of a Party on the other side shall be governed by, interpreted and construed according the laws of the State of California without regard to conflict of law principles.

U.    Counterparts.  This Agreement may be executed in one or more counterparts and by facsimile transmission, each of which when executed and delivered shall be deemed to be an original, and all of which when executed shall constitute one and the same instrument.

V.    Number and Gender.  Whenever required by the context, as used in this Agreement, the singular number shall include the plural, and the masculine gender shall include

8

EXHIBIT 1  PAGE 34

the feminine and neuter and vice-versa.

W.    Headings. Headings in this Agreement are for convenience or reference only and shall not limit or otherwise affect the meaning hereof.

X.    Integration. This Agreement constitutes the entire agreement between the Parties who have executed it and supersedes any and all other agreements, understandings, negotiations or discussions, either oral or in writing, express or implied, between the Parties to this Agreement. The Parties to this Agreement each acknowledge that no representations, inducements, promises, agreements or warranties, oral or otherwise, have been made by them, or anyone acting on their behalf, which are not embodied in this Agreement, that they have not executed this Agreement in reliance on any such representation, inducement, promise, agreement or warranty and that no representation, inducement, promise, agreement or warranty not contained in this Agreement, including, but not limited to, any purported supplements, modifications, waivers or terminations of this Agreement shall be valid or binding, unless executed in writing by all of the Parties to this Agreement. This Agreement is intended to be final and binding upon the Parties and is further intended to be effective as a full and final accord and satisfaction among them regardless of any claims of mistake of fact or law, duress, or any other circumstances whatsoever. Each Party relies upon the finality of this Agreement as a material factor inducing that party's execution of this Agreement. Each Party agrees that from the date of this Agreement, any and all rights and/or liabilities arising between or among the respective parties and each of them with respect to the matters herein released shall arise solely out of the terms, provisions, representations and warranties contained in this Agreement. There are no agreements or understandings between the Parties hereto relating to the matters and releases referred to in this Agreement, other than those set forth herein.

Y.    No Waiver. Failure to insist on compliance with any term, covenant or condition

9

EXHIBIT 1 PAGE 35

contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

Z.    Effective Date.  This Agreement shall become effective immediately upon the date when the last signature is placed thereon by duly authorized representatives of the Parties hereto and such date shall be known as the "Effective Date" and/or "Date of Execution" of this Agreement.

IN WITNESS WHEREOF, the Parties hereto have freely and voluntarily executed this Agreement on the dates set forth below:

DATED: September ___, 2012

_____
Arlan Ray Anderson

DATED: September 25, 2012

_____
Robert L. Goodrich,
Chapter 7 Trustee for the bankruptcy estate
of Arlan Ray Anderson and Tammy Kay Anderson

APPROVED AS TO FORM AND CONTENT:

LAW OFFICE OF THOMAS H. CASEY, INC.

_____
Thomas H. Casey,
Attorney for Robert L. Goodrich, Chapter 7 Trustee
for the bankruptcy estate of Arlan Ray Anderson and
Tammy Kay Anderson

LAW OFFICES OF TYSON TAKEUCHI

_____
Tyson Takeuchi, Attorney for Arlan Anderson

10

EXHIBIT 1  PAGE 36

contained in this Agreement shall not be deemed a waiver of that term, covenant or condition,

nor shall any waiver or relinquishment of any right or power contained in this Agreement at any

one time or more times be deemed a waiver or relinquishment of any right or power at any other

time or times.

      Z.    Effective Date.  This Agreement shall become effective immediately upon the

date when the last signature is placed thereon by duly authorized representatives of the Parties

hereto and such date shall be known as the "Effective Date" and/or "Date of Execution" of this

Agreement.

     IN WITNESS WHEREOF, the Parties hereto have freely and voluntarily executed this

Agreement on the dates set forth below:

DATED: September 23, 2012       _____
                                  Arlan Ray Anderson

DATED: September ___, 2012     _____
                                  Robert L. Goodrich,
                                  Chapter 7 Trustee for the bankruptcy estate
                                  of Arlan Ray Anderson and Tammy Kay Anderson

APPROVED AS TO FORM AND CONTENT:

LAW OFFICE OF THOMAS H. CASEY, INC.

_____
Thomas H. Casey,
Attorney for Robert L. Goodrich, Chapter 7 Trustee
for the bankruptcy estate of Arlan Ray Anderson and
Tammy Kay Anderson

LAW OFFICES OF TYSON TAKEUCHI

_____    9-24-2012
Tyson Takeuchi, Attorney for Arlan Anderson

                   10

EXHIBIT 1  PAGE 37

**Exhibit 2**

## PURCHASE AND SALE AGREEMENT

This Purchase and Sale Agreement (the "Agreement") is entered into by and between Gregory S. Abrams or assignee, as purchaser ("Buyer") on the one hand, and R. L. Goodrich ("Trustee") in his capacity as Chapter 7 Trustee of the bankruptcy estate ("Bankruptcy Estate") of Arlan Ray Anderson and Tammy Kay Anderson ("Debtors") on the other hand. The Trustee and the Buyer will together be referred to as the "Parties". This Agreement is entered into based upon the following facts:

### FACTS

**WHEREAS,** on December 22, 2006, Arlan Ray Anderson ("Debtor") filed a voluntary petition seeking relief pursuant to Chapter 13 of the United States Bankruptcy Code.

**WHEREAS,** on July 1, 2008, an Order converting the case to one under Chapter 7 was entered by the U.S. Bankruptcy Court, at which time, R.L. Goodrich was appointed as Chapter 7 Trustee to administer the assets of the bankruptcy estate.

**WHEREAS,** having determined that no assets existed for the benefit of the estate, the Trustee issued a Report of No Asset on September 15, 2008 and the case was closed on January 13, 2010.

**WHEREAS,** after the case was closed, the Trustee discovered that the Debtors were receiving periodic payments from New York Life Insurance relating to a structured settlement. Specifically, the Debtor was receiving from New York Life, monthly payments in the amount of $525.73 beginning May 3, 2007, which were to continue through and including April 3, 2022 ("NY Life Structured Settlement").

**WHEREAS,** the Debtors failed to list the NY Life Structured Settlement in their bankruptcy schedules and failed to disclose this asset to the Trustee at their 341(a) examination.

1

EXHIBIT 2  PAGE 38

**WHEREAS,** based on this information, the case was reopened by Order entered January 5, 2011 and R.L. Goodrich was re-appointed as Chapter 7 Trustee.

**WHEREAS,** the Trustee had causes of action to recover the payments made by NY Life to the Debtors and the Debtors had a potential amended exemption claim in the NY Life Structured Settlement.

**WHEREAS,** the Trustee was later advised that Debtor Tammy Kay Anderson had recently died of cancer and that Debtor Arlan Anderson is elderly and relies heavily on the annuity income for his daily needs.

**WHEREAS,** in November 2012, the Trustee entered into an agreement with the Debtor to resolve the Trustee's potential causes of action issues regarding the NY Life Structured Settlement ("Settlement Agreement"). Pursuant to the terms of the Settlement Agreement, NY Life was to remit the monthly $525.73 monthly payments to the estate, of which the Trustee would retain 80% of the monthly payment and would then issue the remaining 20% or $105.15 to the Debtor.

**WHEREAS,** in addition to the above, the terms of the Settlement Agreement provided that "the Debtor consents to a future sale by the Trustee of the NY Life Structured Settlement at the Trustee's sole discretion and pursuant to Bankruptcy Court approval. In the event the Trustee sells the NY Life Structured Settlement, the sale proceeds received would be split 80/20, with the bankruptcy estate receiving 80% and the Debtor receiving 20%."

**WHEREAS,** the Settlement Agreement was approved by Court Order entered November 29, 2012.

**WHEREAS,** on or about August 7, 2014, the Trustee received an offer from the Buyer, or its assigns, to purchase the estate's interest in the NY Life Structured Settlement for the

2

EXHIBIT 2  PAGE 39

amount of $30,000.00 ("Initial Offer"), subject to overbid.

WHEREAS, the Buyer has received a dollar for dollar credit, since August 7, 2014, against the amount of the Initial Offer for additional payments received by the Trustee under the NY Life Structured Settlement.

WHEREAS, since receiving the above-referenced credits, the revised amount of the Buyer's offer is $26,319.89 ("Revised Offer").

## TERMS OF THE AGREEMENT

1.      The Trustee will move the Bankruptcy Court for approval of this Agreement.

2.      This Agreement shall become final upon entry of an order of the United States Bankruptcy Court authorizing the Trustee to enter into it and approving the terms set forth herein.

3.      Absent entry of a final order of the United States Bankruptcy Court approving this Agreement, this Agreement shall be null and void.

4.      The Buyer will be entitled to a dollar for dollar credit against the amount of the Initial Offer for additional payments received by the Trustee under the NY Life Structured Settlement after the date of August 7, 2014.

5.      Upon execution of this Agreement, the Buyer hereby agrees to remit a down payment of $5,000.00 with the balance of the Revised Offer due by the 11th day following the entry of the Order approving this Agreement.

6.      Buyer understands and accepts that the Revised Offer is contingent upon Chapter 7 Bankruptcy Trustee approval, Bankruptcy Court confirmation and overbid procedures.

7.      Should Buyer fail to become the successful buyer of the NY Life Structured Settlement at any Bankruptcy Court hearing, a break-up fee of $2,000.00 shall be payable to the

3

EXHIBIT 2  PAGE 40

Buyer in the event that the NY Life Structured Settlement is sold to an overbidder.

8.  The Buyer understands and accepts that the Trustee's Motion for approval of this Agreement shall include a request for approval of an overbid procedure for the purchase of the NY Life Structured Settlement as follows:

a.  Only Qualified Bidders may submit an overbid. A "Qualified Bidder" is one who provides a financial statement and such business and banking references as are required in Trustee's reasonable discretion, sufficient to assure Trustee of the bidder's ability (based on availability of financing, experience or other conditions) to consummate the purchase of the NY Life Structured Settlement, AND one who can consummate the purchase of the NY Life Structured Settlement on the same terms and conditions, other than price, as those proposed in the Revised Offer.

b.  Each bid must be received by the Trustee and the Trustee's counsel no later than three (3) business days prior to the hearing on the Motion.

c.  The initial overbid must exceed the Revised Offer by a minimum of Three Thousand U.S. Dollars ($3,000.00). For instance, the first bid must be at least Twenty-Nine Thousand, Three Hundred Nineteen and 89/100 U.S. dollars ($29,319.89). Each subsequent bid must then be in increments of Five Hundred U.S. dollars ($500.00). For instance, the first subsequent bid must be at least Twenty-Nine, Eight Hundred Nineteen and 62/100 U.S. dollars ($29,819.89).

d.  Each bid must be all cash, non-contingent, and on the same terms and conditions, other than price, as those proposed in the Revised Offer.

e.  Each bidder must match all terms and conditions of the original bid. Thus, a down payment of $5,000.00 must be made. Said payment must be received by the Trustee by

4

EXHIBIT 2  PAGE 41

no later than three (3) business days prior to the hearing on this Motion.  Said payment must be in cash, cashier's check, certified check or irrevocable letter of credit, and must be deposited with the Trustee so that the Trustee will have access to said funds no later than three (3) business days prior to the hearing on the Motion.

     f.    In the event that the NY Life Structured Settlement is sold to an overbidder and Buyer fails to become the successful buyer of the NY Life Structured Settlement, a breakup fee of $2,000.00 shall be payable in immediately available cash funds to Buyer.

     g.    The Trustee reserves the right to modify or waive any of the above overbid requirements in his sole discretion.

9.    Promptly following the execution of this Agreement, the Trustee will file a motion before the Bankruptcy Court seeking approval of the Agreement with a finding that the Buyer is a good faith purchaser within the meaning of Section 363(m) of the Bankruptcy Code and a waiver of the 14-day stay set forth in Bankruptcy Rule 6004(h).

10.    In the event that there is a successful overbidder who is not the proposed Buyer, or if the Bankruptcy Court fails to approve a sale of the NY Life Structured Settlement, the bankruptcy estate will promptly refund the $5,000.00 deposit remitted to the estate by the Buyer.

11.    The Parties, each individually and combined, further agree to be bound by the following terms and conditions:

12.    Recital of Facts.  Each and every recital of fact set forth above is incorporated herein by this reference as though fully set forth.  These recitals are an integral part of this Agreement and are hereby agreed to by the Parties to be true for purposes of this Agreement.

13.    Authority to Execute Agreement.  All Parties covenant and warrant they have full rights and authority to execute this Agreement and bind such entity to the terms and conditions

5

EXHIBIT 2  PAGE 42

set forth herein.

14.    Limitations of Sale: The Parties acknowledge that the operation of the law has placed the Bankruptcy Trustee in a unique role as the Seller of the NY Life Structured Settlement, which is the subject of this Agreement. Due to the nature of the Trustee's role in administering the bankruptcy estate, there are limitations as to the extent, type and character of the agreement under which the Trustee can convey the NY Life Structured Settlement. The Trustee proposes to sell the NY Life Structured Settlement subject to certain limitations. The Parties hereby acknowledge that they understand the terms under which the NY Life Structured Settlement is to be conveyed may vary substantially from the normal customs and trade within the industry. Except where expressly mandated by operation of law, the Buyer consents to any such modifications and amendments.

15.    The Trustee is not aware of any liens, secured interests  or encumbrances of any kind against the NY Life Structured Settlement.

16.    Purchase without Warranties: Buyer acknowledges that Buyer is purchasing the NY Life Structured Settlement from the bankruptcy estate "AS IS" without warranties of any kind, expressed or implied, being given by the Trustee, concerning the quality of the title thereto, or any other matters relating to the NY Life Structured Settlement. Buyer represents and warrants that Buyer is purchasing the NY Life Structured Settlement as a result of his own investigation and is not buying the NY Life Structured Settlement pursuant to any representation made by any Broker, Agent, Accountant, Attorney or Employee acting at the direction, or on the behalf of the Trustee.

17.    Trustee's Liability: Buyer acknowledges that the Trustee is acting in his official capacity only.  No personal liability shall be sought or enforced against the Trustee with regard

6

EXHIBIT 2  PAGE 43

to this Agreement, or the sale of the NY Life Structured Settlement. In the event that the Trustee fails or refuses to complete the transaction for any reason, then the limit of the Trustee's liability is only to return any money paid to the Trustee by the Buyer, without deduction.

18.    Hold Harmless: Buyer understands the terms and conditions of this entire Agreement and holds the Estate, its agents, the Law Office of Thomas H. Casey, Inc., attorneys, agents and employees harmless from any liabilities arising from this contract.

19.    Attorney Fees and Costs.  In the event that any action, suit or other proceeding is hereafter instituted to remedy, prevent or obtain relief from a breach of this Agreement, arising out of a breach of this Agreement, the prevailing party shall recover all of such reasonable attorneys' fees and costs incurred in each and every such action, suit or other proceedings, including any and all appeals, writs or petitions therefrom.

20.    Consultation with Counsel.  The Parties hereto acknowledge and represent that they have been given adequate opportunity to have consulted with legal counsel before entering into this settlement and executing this Agreement.

21.    Reliance.  The Parties, and each of them, understand the meaning of this Agreement and expressly consent that this Agreement shall be given full force and effect according to each and all of its express terms and provisions, including those relating to the release of unknown and unsuspected claims, demands, and causes of action. The Parties acknowledge that they have relied solely upon their own judgment, belief and knowledge of the existence, nature and extent of each claim, demand, or cause of action that each party may have against the other, and that each such Party has not been influenced to any extent in entering into this Agreement by any representation or statement regarding any such claim, demand or cause of action made by any other Party hereto. The Parties hereto have made such investigation of the

7

EXHIBIT 2  PAGE 44

facts pertaining to the releases contained herein as they deem necessary. The terms of this Agreement are contractual and are the result of negotiation among the Parties; in interpreting this Agreement, no rule of construction shall be applied whereby an ambiguity is construed against the Party who drafted the Agreement. This Agreement has been carefully read by each of the Parties and the contents thereof are known and understood by each of the Parties. This Agreement is signed freely by each Party executing it.

22.    Execution of Additional Documents. The Parties agree that they will execute any and all additional documents and take all additional steps which may be necessary or convenient to consummate the purchase and sale of the NY Life Structured Settlement and accomplish the purposes thereof.

23.    Covenant Re: Assignment. The Parties hereto represent and warrant to each other that each is the sole and lawful owner of all right, title and interest in and to every claim and other matter which each purports to release herein, and that they have not heretofore assigned or transferred, or purported to assign or transfer, to any person, firm, association, corporation or other entity, any right, title or interest in any such claim or other matter.

24.    Survival of Warranties. The representations and warranties contained in this Agreement are deemed to and do survive the execution hereof.

25.    Modifications. This Agreement may not be amended, canceled, revoked or otherwise modified except by written agreement subscribed by all the Parties to be charged with such modification.

26.    Binding. This Agreement shall be binding on the Parties hereto when each such Party has executed at least one counterpart, subject only to the approval of the United States Bankruptcy Court.

8

EXHIBIT 2  PAGE 45

27.    Appropriate Notice. Trustee shall cause appropriate notice of this Agreement to

be given to the parties entitled to such notice under the United States Bankruptcy Code and Rules

and pursuant to any applicable Bankruptcy Court Order.

28.    Approval Order. The effectiveness of this Agreement is expressly conditioned

("Bankruptcy Court Approval Condition") upon the Bankruptcy Court entering an Approval

Order (defined below).  Each Party will in good faith exercise all efforts reasonably required of

such Party to obtain the Approval Order and cause the Approval Order to become a final order,

including: (a) promptly executing and delivering to the Trustee any motion, declarations,

documents and information reasonably requested by the Trustee in connection with such efforts;

(b) appearing at any related hearings if requested by the Trustee, and (c) if there is any appeal or

motion for reconsideration, modification, revocation, reversal, remand, set aside or vacating of

the Approval Order ("Appeal"), then seeking to have: (1) the Appeal dismissed or denied, (2)

any request for a stay of enforcement pending Appeal denied, and (3) any stay of enforcement

vacated.  The Agreement and the obligations set forth therein are contingent upon the Approval

Order being entered in the bankruptcy case and becoming a final order.  The Approval Order will

be considered to have become final and the Agreement will become effective ("Effective Date")

on the first day upon which: (A) the Approval order has been entered without an objection to the

Motion; or (B) the Approval Order has been entered notwithstanding an objection to the Motion,

but no Appeal is filed within 14 days of the date the Approval Order is entered; or (C) the

Approval Order has been entered notwithstanding an objection to the Motion, and an Appeal is

filed within 14 days of the date the Approval Order is entered, but the Approval Order is not

stayed pending Appeal; or (D) the Approval Order has been entered notwithstanding an objection

to the Motion, an Appeal is filed within 14 days of the date the Approval Order is entered, and

9

EXHIBIT 2  PAGE 46

the Approval Order is stayed pending Appeal, but the Approval Order is affirmed or the stay is

lifted without the Approval Order being modified, revoked, reversed, remanded, set aside or

vacated.

29.    Agreement Binding on Successors. This Agreement shall be binding upon, and

shall insure to the benefit of, the Parties hereto and their respective Representatives or

Successors.

30.    Jurisdiction of the Bankruptcy Court. Should any dispute arise regarding this

this Agreement, the United States Bankruptcy Court for the Central District of California,

Riverside Division shall have the exclusive jurisdiction to determine the same.

31.    Severability. In the event any provision of this Agreement shall be held to

be void, voidable, or unenforceable, the remaining provisions shall remain in full force and

effect.

32.    Governing Law. Notwithstanding anything to the contrary in any prior

agreement or contract, this Agreement and all prior contracts or agreements between the Parties

or any separate entity or entities of a Party on the one side and any separate entity or entities of a

Party on the other side shall be governed by, interpreted and construed according to the laws of

the State of California without regard to conflict of law principles.

33.    Counterparts. This Agreement may be executed in one or more counterparts and

by facsimile transmission, each of which when executed and delivered shall be deemed to be an

original, and all of which when executed shall constitute one and the same instrument.

34.    Number and Gender. Whenever required by the context, as used in this

Agreement, the singular number shall include the plural, and the masculine gender shall include

the feminine and neuter, and vice-versa.

10

EXHIBIT 2  PAGE 47

35.    <u>Integration.</u>  This Agreement constitutes the entire agreement between the

Parties who have executed it and supersedes any and all other agreements, understandings,

negotiations or discussions, either oral or in writing, express or implied, between the Parties to

this Agreement.  The Parties to this Agreement each acknowledge that no representations,

inducements, promises, agreements or warranties, oral or otherwise, have been made by them, or

anyone acting on their behalf, which are not embodied in this Agreement, that they have not

executed this Agreement in reliance on any such representation, inducement, promise, agreement

or warranty and that no representation, inducement, promise, agreement or warranty not

contained in this Agreement, including, but not limited to, any purported supplements,

modifications, waivers or terminations of this Agreement shall be valid or binding, unless

executed in writing by all of the Parties to this Agreement.  This Agreement is intended to be

final and binding upon the Parties and is further intended to be effective as a full and final accord

and satisfaction among them regardless of any claims of mistake of fact or law, duress, or any

other circumstances whatsoever.  Each Party relies upon the finality of this Agreement as a

material factor inducing that party's execution of this Agreement.  Each Party agrees that from

the date of this Agreement, any and all rights and/or liabilities arising between or among the

respective parties and each of them with respect to the matters herein released shall arise solely

out of the terms, provisions, representations and warranties contained in this Agreement.  There

are no agreements or understandings between the Parties hereto relating to the matters and

releases referred to in this Agreement, other than those set forth herein.

///

////

///

11

EXHIBIT 2  PAGE 48

IN WITNESS WHEREOF, the Parties hereto have freely and voluntarily executed this

Agreement on the dates set forth below:

DATED: _3 – 13_, 2015

_____
Gregory S. Abrams, or assignee

DATED: _____, 2015

_____
R.L. Goodrich, in his capacity as Chapter 7 Trustee
of the estate of Arlan Ray Anderson and Tammy
Kay Anderson, Debtors

**APPROVED AS TO FORM AND CONTENT:**

_____
Thomas H. Casey, Attorney for Chapter 7 Trustee
R.L. Goodrich for the bankruptcy estate of
Arlan Ray Anderson and Tammy Kay Anderson

12

EXHIBIT 2  PAGE 49

IN WITNESS WHEREOF, the Parties hereto have freely and voluntarily executed this

Agreement on the dates set forth below:


DATED: _____, 2015        _____

                                   Gregory S. Abrams, or assignee


DATED: __4/22__, 2015              _R.L. Goodrich, Trustee_

                                   R.L. Goodrich, in his capacity as Chapter 7 Trustee
                                   of the estate of Arlan Ray Anderson and Tammy
                                   Kay Anderson, Debtors



APPROVED AS TO FORM AND CONTENT:

_Thomas H. Casey_

Thomas H. Casey, Attorney for Chapter 7 Trustee
R.L. Goodrich for the bankruptcy estate of
Arlan Ray Anderson and Tammy Kay Anderson

12

EXHIBIT 2  PAGE 50

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**22342 Avenida Empresa, Suite 200, Rancho Santa Margarita, CA  92688**

A true and correct copy of the foregoing document entitled (*specify*): **Chapter 7 Trustee's Motion for an Order:  (1) Authorizing the Sale of the New York Life Structured Settlement; (2) Approving Overbid Procedures; and (3) Authorizing Distribution of Sale Proceeds; Memorandum of Points and Authorities; and Declarations of Chapter 7 Trustee R.L. Goodrich, CPA Donald T. Fife, and Proposed Buyer Gregory S. Abrams in Support Thereof** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 24, 2015,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Alane A Becket 2    notices@becket-lee.com
- Thomas H Casey    lmiller@tomcaseylaw.com, msilva@tomcaseylaw.com
- Mark D Estle    mark.estle@buckleymadole.com
- Robert L Goodrich (TR)    office@rlgoodrichlaw.com, rgoodrich@ecf.epiqsystems.com
- Jennifer A Pursley    ecf@bass-associates.com
- Richard S Ralston - INACTIVE -    richardr@w-legal.com, advnotices@w-legal.com
- John M Sorich    generalmail@alvaradoca.com
- Tyson Takeuchi    tyson@tysonfirm.com, albert@tysonfirm.com;armen@tysonfirm.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **April 24, 2015,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **April 24, 2015,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 24, 2015 | Kathy Driggers |  |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**SERVED BY UNITED STATES MAIL:**

**Interested Party**
United States Bankruptcy Court
Attn: Hon. Meredith A. Jury
3420 Twelfth Street, Suite 325
Riverside, CA  92501

**Debtor**
Arlan Ray Anderson
935 N. 400 West
Cedar City, UT 84721

~~Tammy Kay Anderson~~
~~935 N. 400 West~~
~~Cedar City, UT 84721~~
Deceased

**Request for Special Notice**
Litton Loan Servicing LLP
c/o Brice Vander Linden & Wernick PC
P.O. Box 829009
Dallas, TX  75382-9009

John M. Sorich
Alvarado & Associates LLP
4 Park Plaza, Suite 1230
Irvine, CA  92614

**Proposed Buyer**
Gregory S. Abrams
ASK Financial
18653 Ventura Blvd., #361
Tarzana, CA 91346

**Interested Parties**
Joseph F. Berrafati, Esq.
Office of the General Counsel
New York Life Insurance Company
1 Rockwood Road
Sleepy Hollow, NY 10591

New York Life Insurance Company
Attn: Structured Settlement Division
51 Madison Avenue
New York, NY 10010

New York State Department of Financial Services
Attn: Managing Member
One State Street
New York, NY 10004-1511

California State Department of Insurance
Attn: Managing Member
300 Capitol Mall, Suite 1700
Sacramento, CA 95814

California State Department of Insurance
c/o Agent for Service of Process
Government Law Bureau
300 Capitol Mall, Suite 1700
Sacramento, CA 95814

**Potential Interested Buyers**

Craig A. Empey
craigempey@empeylawoffice.com

Martin S. Granoff
Mgranoff55@cs.com

Marc Kadis
Majoka1@hotmail.com

Louis Kim
louis@sonicwash.com

John Marshall
jmarshall@jmpartnersllc.com

Maurice Bailey
03089697@bellsouth.net

Chris Phillips
chris@phillipsinvestcorp.com

Monte Pollard
newmontep@aol.com

Kevin Potempa
princevillegroup@yahoo.com

Reed Geisreiter
Reed.geisreiter@gmail.com

David Rosen
Dr5002@yahoo.com

Vatche Sahakian
vatche@arcadianinvestments.com

Wayside Terrace
waysideterracellc@yahoo.com

Brad Olsen
olsen_brad@msn.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                 **F 9013-3.1.PROOF.SERVICE**